UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADEOFOLARIN ADEMOSU,<br><br>               Plaintiff,<br><br>   v.<br><br>PHOENIX LAW PC,<br><br>              Defendant. | CASE NO. C23-5404 BHS<br><br>ORDER |

THIS MATTER is before the Court on Plaintiff Adeofolarin Ademosu's motion for default judgment, Dkt. 8. The clerk has already entered default against defendant Phoenix Law PC. Dkt. 5.

Ademosu alleges that he entered into a legal services agreement with The Litigation Practice Group (LPG), agreeing to pay a monthly fee for "debt validation services" and for "legal assistance in the event [that he] was sued for any of the enrolled debts." Dkt. 1 at 4. Ademosu alleges LPG filed for bankruptcy protection, and that as a result his contract with that entity was "null and void." *Id*. at 5.

On March 17, 2023, Ademosu received a text from Phoenix Law, asserting that it would be withdrawing $424.34 from his bank account. *Id*. Ademosu advised Phoenix

Law by text and email that he did not sign up for its service and that he did not authorize any withdrawal from his account. He alleges that Phoenix Law claimed it "bought" his account from LPG, and that on March 20, 2023, it withdrew $424.34 from his account, leaving him with a negative balance. *Id*. at 6. Ademosu asserts that the money was returned the following day. He sued, asserting 15 claims under Washington's Consumer Protection Act (CPA) and its Credit Repair Organization Act (CROA). *Id*. Phoenix Law was served and did not answer, and the clerk entered a default. Dkt. 5.

Ademosu now seeks a default judgment. The primary component of his damage claims is $22,682.88, which is the amount he now claims he paid to LPG under his contract with that non-party (24 monthly payments of $945.12). *See* Dkt. 8-2 at 6. He asserts without citation to any legal authority that "Defendant's connection to the fraud perpetrated by LPG renders it liable for the amounts plaintiff paid to LPG under the CROA." Dkt. 8 at 3.

Ademosu also seeks treble damages under the CPA ($2317.12), attorneys' fees ($3870.00), and costs ($531.00), for a total of $29,401.00. Dkt. 8-4.

Upon entry of default, this Court takes as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (internal quotation marks omitted) (quoting *Valley Oak Credit Union v. Villegas*, 132 B.R. 742, 746 (9th Cir. BAP 1991)). The "general rule [is] that

default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (citing *Peno v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Whether to grant a default judgment lies within the district court's discretion. *Id.*

Under *Eitel*, the Court considers seven factors in deciding whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471–72.

The second factor is primarily at issue here. Ademosu has not asserted a fraud claim against Phoenix Law, and he has not plausibly pled a fraud claim against LPG. He appears to contend LPG did not have the contractual right to sell his account to Phoenix Law, but that is a claim against LPG, not Phoenix Law, and it is a breach of contract claim, not a fraud claim. He has provided no authority for his assertion that Phoenix Law's "connection to LPG's fraud renders it liable" to him for a refund of the amounts he paid to LPG under his contract with that entity. Dkt. 8 at 3. Indeed, his only factual allegation about LPG's culpability is that it withdrew $424.34 from his account and replaced it the following day. Dkt. 1 at 6. It is perhaps possible that he could do so, but he has not yet pled or briefed how Phoenix Law wronged him, nor has he established that LPG has defrauded him, nor that Phoenix Law is liable for LPG's breaches or torts.

1    Ademosu's motion for a default judgment on this record is therefore **DENIED**.
2 The Court will permit Ademosu to file a revised calculation or a brief explaining each
3 step of his liability theory against Phoenix Law. He should do so within 21 days. The
4 Court is satisfied that Ademosu is entitled to his fees and costs.

**IT IS SO ORDERED**.

Dated this 31st day of October, 2023.

                                    *[signature]*
                                    BENJAMIN H. SETTLE
                                    United States District Judge