IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| ADEOFLORAIN ADEMOSU, a Washington resident,<br><br>Plaintiff,<br><br>v.<br><br>PHOENIX LAW, PC, a California corporation law firm, and credit repair organization,<br><br>Defendant. | NO: 3:23-cv-05404<br><br>PLAINTIFF'S 2nd MOTION FOR DEFAULT JUDGMENT<br><br>NOTE FOR MOTION CALENDAR:<br>**1-8-24** |

COMES NOW the Plaintiff, by and through his attorney, Peter Schneider of Northwest Debt Resolution, LLC, and moves, AGAIN, for an order of Default Judgment against Phoenix Law, PC, ("Defendant") and in support of states as follows.

I. **FACTS**

1. Plaintiff incorporates the statement of facts from his original motion for default judgment. (ECF# 8).

II. **ARGUMENTS**

**Yes, Mr. Ademosu did assert and was in fact a victim of fraud by Phoenix Law, PC.**

In this Court's' 10-31-23 order denying Plaintiff's motion for default judgment, the Court asserts that the Plaintiff never asserted fraud against Phoenix Law (ECF# 9). This is quite simply not the case. See paragraphs 24 through 39 of the Plaintiff's complaint (ECF# 1). What else, if

PLAINTIFF'S 2ND MOTION FOR JUDGMENT - 1

NORTHWEST DEBT RESOLUTION, LLC
10900 NE 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

not fraud, are those paragraphs describing? They lay out the following allegations against Phoenix Law, PC:

1. That Phoenix Law, PC, had no right to take over his legal representation from Litigation Practice Group. A position that has been confirmed by the United States Bankruptcy Court of Central California. *See case# 8:23-ap-01046 in which the trustee obtained an emergency order to seize control and shut down Phoenix Law.*

2. That on 3-17-23 Phoenix Law fraudulently represented to him that it had authority to and would be withdrawing $424.34 from his bank account. How it had access to his bank account information is unknown to this day, as Phoenix Law did not appear or defend this lawsuit, thus no discovery could be had.

3. That on the same day, Plaintiff communicated with Phoenix Law advising it that it did not represent him, did not have his permission to withdraw funds from his bank account.

4. That despite these communications from the Plaintiff, on 4-20-23 Phoenix Law still did withdraw $424.34 from his bank account, without authorization.

5. That on 3-17-23 a member of Phoenix Law's "service team" lied to the Plaintiff (i.e. fraud) and told him that Phoenix Law had "bought" his legal representation contract from Litigation Practice Group.

It seems odd that the Bankruptcy Court seemed to see enough evidence of fraud to grant the emergency seizure orders in May of 2023 and shut down Phoenix Law, but this Court does not. True, the Plaintiff might have claims against Litigation Practice Group, but he didn't bring them in this lawsuit, nor did Phoenix Law appear and move to name Litigation Practice Group as a third-party Defendant. Let me reframe this.

Let's say person X stole Mr. Ademosu's car. Mr. Ademosu wants it back, but person X gave it to person Y. Person Y knows it was stolen and won't give the car back. Mr. Ademosu files a writ of restitution with a state court. The state court says, "sorry Mr. Ademosu, even though person Y hasn't appeared or defended the case, and is currently in possession of and is using your car, your claim is against person X, so you can receive no relief? Absurd!

PLAINTIFF'S 2ND MOTION FOR JUDGMENT  - 2



NORTHWEST DEBT RESOLUTION, LLC
10900 NE 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

Yet, that's the very same position this Court takes as it seemingly advocates for Phoenix Law, who if this Court takes a look at the bankruptcy case would see is truly the baddest of bad actors.

**The Consumer Protection Act.**

To prevail in a private CPA claim, the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation.  *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co*., 105 Wn.2d 778, 784, 719 P.2d 531 (1986).

Were Phoenix Law's business practices unfair and deceptive? Check. Did they occur in trade or commerce? Check. Did they affect the public interest? Check. Did they in fact cause injury to Mr. Ademosu's business or property? Check, certainly if anything for the $50.00 stop payment fee Well's Fargo charged Mr. Ademosu to put a stop to Phoenix Law's illegal account withdraw on 3-20-23. Causation? But for Phoenix Law's illegal actions, Mr. Ademosu would not have been harmed. So there you have it, at least $50.00 in damages attributed directly to Phoenix Law.

**Credit Services Organization Act**

The Credit Services Organization Act (RCW 19.134 *et seq*) is a statute enacted by the Washington Legislature to protect Washington resident from the types of actions that Phoenix Law took. Let's break down how it applies to this case.

1. RCW 19.134.010(3) defines a "consumer" as "any natural person who is solicited to purchase or who purchases the services of a credit services organization."

So, the victim, Mr. Ademosu here, doesn't need to have in fact contracted with a credit services organization (Phoenix Law), just been solicited by them. Here the facts make it clear, at

PLAINTIFF'S 2ND MOTION FOR JUDGMENT  - 3



NORTHWEST DEBT RESOLUTION, LLC
10900 NE 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

the very least, Mr. Ademosu was "solicited" by Phoenix Law when it illegally withdrew $424.34 from his bank account and fraudulently told him it had "bought" his account from LPG.

2. RCW 19.134.010(6)(a) defines a credit services organization as, "any person who sells, provides, performs, or ***represents*** that the person can or will sell, provide, or perform, in return for the payment of money or other valuable consideration any of the following services……(i) improving, saving, or preserving a consumer's credit record."

As pleaded in the complaint, Phoenix Law represented to the Plaintiff that it had "bought" his service contract from Litigation Practice Group, so at the very least, it ***represented*** that it would provide all the services outlined in said contract, which upon review of the Litigation Practice Group's services contract with the Plaintiff (ECF# 8-2) ticks those boxes.

3. RCW 19.134.080 states, "any person injured by a violation of this chapter may bring any action for recovery of damages. In the case of an action by the consumer, damages shall be awarded in an amount not less than the amount paid by the consumer to the credit services organization. An award may also be entered for punitive damages."

So, as stated above, Phoenix Law fraudulently stated that it had "bought" Mr. Ademosu's contract with LPG. Like person Y in the hypothetical above, it sought to reap the advantages of its illegal actions (use and drive the car). Is Phoenix Law now shielded from the burdens of its actions, and should it not have to return the $22,682.88 in payments to LPG that it sought to continue to receive? Yes, as pointed out in the complaint, such a "purchase" was null and void as there was never client consent, but does that nuance then forgive Phoenix Law's bad actions?

Like person Y, can it accept a stolen car, drive it and crash it, and then get out of damages by saying person X stole it? Does it bother this Court at all that Phoenix Law totally ignored this lawsuit and the Plaintiff is essentially having to argue for it here? What's going on here?

PLAINTIFF'S 2ND MOTION FOR JUDGMENT  - 4



NORTHWEST DEBT RESOLUTION, LLC
10900 NE 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

**Credit Repair Organization Act**

The credit repair organization Act (15 U.S.C. § 1679) mirrors much of RCW 19.134 *et seq*. It too allows a consumer to recover "any amount paid by the person to the credit repair organization." *15 U.S.C. § 1679(a)(B)*.

**Punitive Damages**

Both the Credit Services Organization Act and Credit Repair Organization Act give a Court discretion to award punitive damages. *See RCW 19.134.080(1) and 15 U.S.C. § 1679(a)(2)(A)*. Plaintiff feels an appropriate award of punitive damages is $5,000.00 in this matter. A number that is not unreasonable, but significant enough to curb the bad behavior of Phoenix Law so it doesn't prey on consumers again.

### III.　CONCLUSION

Candidly, Plaintiff's counsel is disappointed in this Court's posture in this matter thus far. Granted, there remain many unanswered questions (nexus between LPG and Phoenix Law, etc), but that's through no fault of the Plaintiff. For reasons unknown, Phoenix Law decided not to appear or defend this lawsuit, depriving the Plaintiff of his ability to get those answers via discovery. All we know are the allegations outlined in the facts of the Plaintiff's complaint, which firmly establish that Phoenix Law represented it had "purchased" the Plaintiff's contract with LPG, and in doing so, "bought" the benefits (future payments) and burdens (damages for bad actions) alike. Maybe it did? Maybe it didn't? Plaintiff alleges Phoenix Law did, and told him so, and this Court has zero facts to contravene that assertion from Phoenix Law, who again, failed to even appear in this action.

Plaintiff respectfully requests this Court grant him his full damages of $22,682.88, that it treble them up to the $25,000.00 limit pursuant to RCW 19.86.090, and that the Court exercise

PLAINTIFF'S 2ND MOTION FOR JUDGMENT  - 5



NORTHWEST DEBT RESOLUTION, LLC
10900 NE 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

its considerable discretion and award punitive damages of $5,000.00, for total damages of $30,000.00. Plaintiff also requests his attorney's fees of $3,870.00 and Costs of $531.00. Plaintiff is not requesting his attorney's fees for time spent on this second motion as it was made at the request of the Court. Furthermore, as the old saying goes, god hates a pig.

    To the extent that this Court is still unconvinced, Plaintff requests he be awarded his $50.00 in damages for the stop payment through Well's Fargo, that this Court treble the damages to $150.00 pursuant to RCW 19.86.090, and that the Court exercise is considerable discretion and award punitive damages of $5,000.00, for total damages of $5,150.00.

    A proposed order, filing of proof of damages, and support for Plaintiff's costs and fees are already filed with this Court (ECF# 8-1, 8-2, 8-3, and 8-4). Plaintiff requests this Court simply interlineate the proposed judgment with the figures it comes to.

    DATED January 5, 2024.

    _____
    Peter Schneider, WSBA# 431131
    Attorney for Plaintiff

PLAINTIFF'S 2ND MOTION FOR JUDGMENT - 6

NWDR

NORTHWEST DEBT RESOLUTION, LLC
10900 NE 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015